HARDIN, KUNDLA, MCKEON & POLETTO

COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

673 MORRIS AVENUE

SPRINGFIELD, NEW JERSEY 07081

(973) 912-5222

FAX (973) 912-9212

————

www.HKMPP.com

**NEW YORK OFFICE**
110 William Street
New York, New York 10038
(212) 571-0111
FAX (212) 571-1117

**PENNSYLVANIA OFFICE**
60 West Broad Street
Suite 102
Bethlehem, Pennsylvania 18018
(610) 433-8400
FAX (610) 433-0300

**Robert E. Blanton, Jr., Esq.**
rblanton@hkmpp.com

Member of the Bar: NJ & NY

March 19, 2026

**VIA ECF**
Hon. Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> RE:  ***Barkley v. Ahsan, et al.***
> **Case No.: 3:23-cv-01510-RK-RLS**

Dear Judge Singh:

This office represents Defendant, Abu Ahsan, M.D., in the above-referenced matter. Pursuant to Your Honor's directive, Dkt. 78, the parties submit this joint status letter regarding anticipated discovery as to when Plaintiff Rashon Barkley's state law claims accrued.

Plaintiff will be issuing a subpoena to non-party New Jersey Department of Corrections (DOC) to obtain certain documents and travel logs. This is necessary because Dr. Ahsan is an employee of Rutgers, The State University of New Jersey. Dr. Ahsan is not a DOC employee, and he does not have access to DOC's travel logs for when inmates are transported outside the prison.

The parties anticipate deposing the following witnesses:

March 19, 2026
Page **2** of **3**

1. Plaintiff Mr. Barkley;
2. Defendant Dr. Ahsan;
3. Record custodian of non-party DOC;
4. Non-party Javier Taboada, MD; and
5. Non-party Ruppert Hawes, MD.

Plaintiff must subpoena to DOC for the deposition of a records custodian; Dr. Ahsan is unable to identify the individual to whom Plaintiff must address the subpoena.

Dr. Taboada, the consulting neurologist, was not and is not a Rutgers employee, so Plaintiff will need to subpoena Dr. Taboada for a deposition.

Dr. Hawes was previously employed by Rutgers. He has since moved out-of-state. Rutgers is seeing if Dr. Hawes will authorize it to accept service of a subpoena so that Dr. Hawes can be produced for deposition.

Under the circumstances, the parties propose completing this discovery by July 17, 2026. Thereafter, we anticipate the Court will conference the case as to next steps for adjudicating when Plaintiff's state law claims accrued and whether he should be permitted to file a late notice of claim under the New Jersey Tort Claims Act.

We appreciate the Court's time and consideration of this matter.

Respectfully,

*/s/ Robert E. Blanton, Jr.*
Robert E. Blanton, Jr., Esq.
Hardin, Kundla, McKeon & Poletto, P.A.
(T) 973-315-2279
rblanton@hkmpp.com

*Attorneys for Defendant, Abu Ahsan, M.D.*
*as to malpractice claim*

March 19, 2026
Page **3** of **3**

/s/ *Stephen M. Orlofsky*
Stephen M. Orlofsky, Esq.
Blank Rome, LLP
300 Carnegie Center
Suite 220
Princeton, NJ 08540
(T) 609-750-2646
stephen.orlofsky@blankrome.com

*Attorneys for Plaintiff, Rashon Barkley*

cc:     All counsel (via ECF)